835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie F. FLOURNOY, Jr., Plaintiff-Appellant,
v.
Richard P. SEITER, Tropper Teets, B.G. Seth, Ronald C.
Marshall, S.T. Dillon, Wayne Chamblis, Defendants-Appellees.
 No. 87-3535.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a pro se prisoner, appeals the dismissal of his complaint filed under 42 U.S.C. Sec. 1983 by the district court as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff filed his complaint on June 21, 1984, alleging that the defendant state prison officials and a state police officer conspired to retaliate against plaintiff because he disseminated information about another prisoner's death. The defendant prison officials filed an answer in which they generally denied plaintiff's allegations. Plaintiff responded to the answer, and included two affidavits, in which he detailed defendants' alleged retaliatory actions.
 
 
 3
 The magistrate recommended that the complaint be dismissed as frivolous and plaintiff filed timely objections. The district court ultimately adopted the magistrate's recommendation and plaintiff appeals.
 
 
 4
 A dismissal pursuant to 28 U.S.C. Sec. 1915(d) is appropriate if "it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief". Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.1985) (quoting Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir.1985)). For this purpose, plaintiff's affidavits should be read as part of the pleadings. See Howard v. King, 707 F.2d 215, 220 (5th Cir.1983) (per curiam). On appeal, we read plaintiff's allegations de novo and take them as true. Brooks, 779 F.2d at 1179-80.
 
 
 5
 In this case, plaintiff alleges that defendants fired him from his prison job, threatened his life, planted contraband near his cell, and read his outgoing mail in retaliation for plaintiff's communicating information to government officials and to the news media. There is no indication that plaintiff's conduct was not at least arguably protected under the first amendment. See Pell v. Procunier, 417 U.S. 817 (1974). Plaintiff retains the right to engage in such activity without fear of retaliation. Cruz v. Beto, 405 U.S. 319 (1972) (per curiam). Indeed, retaliation can be an abridgement of plaintiff's rights in and of itself. See Wolfel v. Bates, 707 F.2d 932, 933-34 (6th Cir.1983) (per curiam); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986) (per curiam); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979). We therefore do not agree that plaintiff's complaint is frivolous, but we express no opinion regarding the ultimate merits of the cause of action.
 
 
 6
 Finally, we note that plaintiff's complaint includes a claim that the Department of Corrections' policy authorizing the use of force by prison guards is unconstitutional. This claim was not addressed in the district court. We therefore remand this claim for initial consideration by the district court.
 
 
 7
 For the foregoing reasons, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded for further proceedings consistent with this order.