**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL E. MCKINZY, SR.,

Plaintiff–Appellant,

v.

CARLOS MURGUIA; JAMES P.
O'HARA,

Defendants–Appellees.

No. 10-3019
(D.C. No. 2:10-CV-02002-FJG)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Michael E. McKinzy, Sr., appeals a district court order dismissing his case as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Exercising jurisdiction under § 1291,

we affirm.

McKinzy filed a pro se complaint alleging that federal District Court Judge Carlos

Murguia and federal Magistrate Judge James P. O'Hara conspired to violate his due

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

process rights in a number of prior proceedings. He sought compensatory and punitive damages. McKinzy also filed a motion to proceed without prepayment of fees. Pursuant to its screening function under § 1915, the district court dismissed the suit as frivolous.

On appeal, McKinzy advances two arguments. First, he contends that the dismissal of his case was done in the complete absence of all jurisdiction because his case was reassigned from one judge to another. He argues that this reassignment violated D. Kan. R. 40.1 because the chief judge did not approve it. McKinzy provides no evidence that the chief judge did not approve the reassignment, but his contention lacks merit regardless. Under D. Kan. R. 40.1, "a judge may return a case to the clerk for reassignment or, with the approval of the chief judge, may transfer the case to another judge who consents to such transfer." Because McKinzy's case was reassigned, not transferred, approval was unnecessary. Moreover, jurisdiction is conferred on courts, not judges. See, e.g., 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Thus the reassignment could not have affected the court's jurisdiction.

Second, citing Vasquez Arroyo v. Starks, 589 F.3d 1091 (10th Cir. 2009), McKinzy claims the district court should have permitted him an opportunity to pay the filing fee before dismissing his action. In Vasquez Arroyo, we held:

> A district court may not sua sponte dismiss a prisoner's [42 U.S.C.] § 1983
> action on the basis of the statute of limitations unless it is clear from the
> face of the complaint that there are no meritorious tolling issues, or the
> court has provided the plaintiff notice and an opportunity to be heard on the
> issue.

2

Id. at 1097. This holding is a specific application of the general rule that sua sponte dismissal of a pro se complaint "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

This rule is of no consequence in the present appeal because it is obvious that McKinzy cannot prevail on the facts alleged. McKinzy seeks damages for allegedly improper adjudicative acts. Such claims are squarely barred by the doctrine of judicial immunity unless the judges acted "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 9-10 (1991). On appeal, McKinzy suggests that Murguia and O'Hara acted in the complete absence of jurisdiction because of the district court's purportedly erroneous reassignment. But even were the district court to have exceeded its jurisdiction, McKinzy's underlying claim would not be aided: Lack of jurisdiction in this lawsuit would not strip Murguia and O'Hara of their immunity for their judicial acts in separate cases. Under § 1915(e)(2), a district court "shall dismiss" a case filed in forma pauperis "at any time" if the court determines that the case is frivolous. The district court's dismissal on this basis was entirely proper.[1]

The district court's dismissal of McKinzy's case is **AFFIRMED**. Because McKinzy has failed to advance "a reasoned, nonfrivolous argument on the law and facts

---

[1] Further, McKinzy's case was dismissed without prejudice to the filing of a paid complaint. Thus, he may re-file his case as long as he pays the filing fee regardless of the outcome of this appeal.

3

in support of the issues raised on appeal," <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge