FILED
United States Court of Appeals
Tenth Circuit

June 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHILIP ANDREW WOLF,

       Plaintiff-Appellant,

v.

JAMES J. PETROCK,

       Defendant-Appellee.

No. 09-1514
(D.C. No. 1:08-CV-02749-PAB-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiff Philip Andrew Wolf, appearing pro se, appeals the district court's order and judgment granting Defendant James J. Petrock's motion for summary judgment and dismissing Mr. Wolf's complaint with prejudice as barred by res judicata. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the dismissal, albeit for a different reason than that given by the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Wolf is upset by penalties imposed upon him in Colorado state court for violating the zoning requirements of Gilpin County, Colorado. The gist of Mr. Wolf's argument against the penalties is his assertion that his land was exempt from regulation by Gilpin County because it qualified as "mineral lands" under the Colorado Enabling Act, 18 Stat. 474. After finding no relief in the Colorado courts, Mr. Wolf turned to the federal court system.

He first filed an "EX PARTE VERIFIED COMPLAINT under 5th Amdt., and under 28 U.S.C. §§ 2201, 2002." R., Vol. 1 at 6. The complaint failed to list any defendants. In the argument portion of his complaint, Mr. Wolf asserted that his complaint was brought under criminal statute 18 U.S.C. § 4, which concerns misprision of a felony. He stated that he was officially notifying the judge in the case that (1) the judge in his state case; (2) Mr. Petrock, the County Attorney for Gilpin County; and (3) a "Community Development Director" for Gilpin County," were all guilty of the felonies of conspiracy and receiving proceeds of extortion in regard to the zoning enforcement action against his land. *See* R., Vol. 1 at 7-8. Nevertheless, the relief sought in the complaint was a declaratory judgment holding that neither the State of Colorado, nor its officials, had any right to regulate Mr. Wolf's land.

The district court read the complaint as naming Mr. Petrock and the other two named individuals as the defendants in the suit, and ordered the Clerk to add those individuals to the docket and the caption. *Id.* at 12. Mr. Wolf responded

with a filing entitled "Waiver of Claim" in which he asserted that he had merely been trying to report the felonies of those individuals; that he was waiving any reference to, or claims against, those individuals in his complaint; and that his complaint was "in no way . . . directed at these persons." *Id*. at 13. The court then evidently ordered Mr. Wolf to show cause why his complaint should not be dismissed since there were no defendants.

Mr. Wolf responded by filing an amended complaint naming Mr. Petrock as the sole defendant. The amended complaint did not state that Mr. Petrock was being sued in his official capacity as Gilpin County Attorney. The *sole* substantive factual allegation against Mr. Petrock was that he had "expressed a belief" that county and state law "provide him free and unencumbered access to [Mr. Wolf's] land at any time of day or night, and on every day of every year" contrary to federal law. *Id*. at 29-30. The amended complaint was apparently served on Mr. Petrock personally and in the "Verification" section Mr. Wolf stated "**I believe** Defendants have violated the law as alleged above, and it is my intent herewith to cause criminal charges against Defendant PETROCK for the purposes of having them sanctioned to the full extent of the law." *Id*. at 31. Nevertheless, the relief sought in the amended complaint was unchanged from that sought in the original complaint.

Mr. Petrock responded to the amended complaint by filing a motion to dismiss in his individual capacity. He claimed that dismissal was proper because

the amended complaint sued him in his individual capacity yet failed to raise any claims against him or seek relief from him, that Mr. Wolf had explicitly represented to the court he had no claims against Mr. Petrock prior to filing the amended complaint, that it seemed Mr. Wolf was intending to sue the State of Colorado, and that the assertions made about the government's authority to regulate Mr. Wolf's property should be precluded because they had either been raised in the state proceedings or could have been raised there. *Id*. at 34-36. The magistrate judge converted Mr. Petrock's motion to a motion for summary judgment.

Mr. Wolf responded to the motion by asserting that Mr. Petrock, and not the State of Colorado, was the intended defendant in the lawsuit. He accused Mr. Petrock of planning to commit criminal trespass by entering Mr. Wolf's property and photographing his wife through the widows of their house.[1] He asserted that the State of Colorado was aware of the lawsuit against Mr. Petrock and could therefore have intervened in the action if it wished, but had chosen to refrain from doing so. The magistrate judge recommended granting the motion for summary judgment and dismissing with prejudice on *res judicata* grounds. The district court adopted the recommendation and Mr. Wolf appeals.

---

[1]     It is impossible to tell from the response whether Mr. Wolf believes that this conduct has already occurred or if he is merely concerned that Mr. Petrock intends to photograph his wife at some point in the future.

"We review the grant of a summary judgment motion de novo, applying the same standards as the district court." *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1205 (10th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). We may affirm the district court's decision "for any reason supported by the record." *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000).

On appeal, Mr. Wolf's stated points of error are: "1. The lower court erred when it held that state court's refusal to look at 18 Stat. § 474 renders it irrelevant[**,**]" Aplt. Opening Br. at 3 (emphasis omitted); and "2. The lower court erred when it held that Appellant is not entitled to review beyond that given by state court through its denial of Appellant's motion to vacate[**,**]" *id*. at 5 (emphasis omitted). As best this court can tell, Mr. Wolf's main contention is that the district court had a duty to issue a declaratory judgment that the state court decisions imposing penalties for zoning violations were incorrect, and that Colorado had no right to regulate the use of his land. But the State of Colorado is not a party to this action. Mr. Wolf's filings are inconsistent. We acknowledge that, at times, it appears that the State of Colorado is the true party in interest. For example, the relief requested in the amended complaint is against Colorado,

and Mr. Wolf originally claimed that he had no claims against Mr. Petrock or the other individuals. But Mr. Wolf sued and served Mr. Petrock in his individual capacity, not the State of Colorado; Mr. Wolf specifically denied any intent to sue Colorado; and, even if he had brought such a suit, it would appear to be a clearly prohibited attempt to appeal a state court ruling to federal district court.

So it appears that Mr. Wolf did, indeed, intend to sue Mr. Petrock in his individual capacity. But he has utterly failed to state a claim against Mr. Petrock upon which relief could be granted. The only factual allegation against Mr. Petrock in the amended complaint is that he allegedly expressed a belief that he had unfettered access to Mr. Wolf's property. And the only possible claim for relief against Mr. Petrock is the statement, made in the "<u>VERIFICATION</u>" section of the amended complaint, that Mr. Wolf is hoping to have criminal charges filed against Mr. Petrock. *See* R., Vol. 1 at 31. Mr. Wolf cannot personally bring criminal charges against Mr. Petrock. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that criminal statutes that do not provide for a private right of action are not enforceable through a civil action). We therefore affirm the district court's dismissal with prejudice on the ground that Mr. Wolf failed to state a claim upon which relief could be granted against Mr. Petrock.

We acknowledge that "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is

ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Further, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Therefore, dismissal of a pro se plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted).

But here, amendment of Mr. Wolf's complaint would be futile. He is either seeking a declaratory judgment as to the rights of the State of Colorado and its officers in a suit against an individual or seeking to personally bring criminal charges against that individual. And he has specifically argued below that it was *not* his intention to sue the state government. No opportunity to amend would allow Mr. Wolf to successfully pursue such claims against Mr. Petrock.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-7-