NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0060n.06

No. 09-2259

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 31, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ROY L. BROWN, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| LINDA MATAUSZAK, COLLEEN KOENIG, | ) | |
| AND JAN TROMBLEY, WARDEN, | ) | O P I N I O N |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:    BOGGS and McKEAGUE, Circuit Judges; QUIST, District Judge.[*]

**McKEAGUE, Circuit Judge.** Plaintiff Roy Brown, a Michigan prisoner proceeding pro se, appeals from the dismissal of his § 1983 civil rights claim for violation of his right of access to the courts. The district court concluded that Brown failed to allege an actual injury to sustain a cause of action, and dismissed his claim with prejudice. While Brown presented sufficient facts to allege interference with his legal mail, it is true that neither Brown's complaint nor his response to the motion to dismiss alleges sufficient facts to establish the validity of the *underlying* claims, as required by precedent. However, Brown has filed with this court the memorandum of law he filed in state court in connection with the underlying claim, which makes clear that he *has* sufficient facts to demonstrate that the underlying claims were non-frivolous—he simply failed to include that

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

information in his § 1983 pleadings. Therefore, considering the equities of the case and, following

several other circuits and prior Sixth Circuit precedent, we **REMAND** the case to allow Brown to

amend his pleadings, in order to include this necessary information.

## I. FACTS

Brown has been incarcerated in Michigan since he was convicted in 1991 for first-degree

murder. He exhausted his direct appeal. In late 2003, Brown sought collateral relief from his

conviction and sentence in the state court, through a Motion for Relief from Judgment, pursuant to

Michigan Court Rule § 6.500. In this motion, Brown argued that his trial counsel (1) conceded guilt,

(2) failed to advance a defense theory, (3) refused to impeach prosecution witnesses, (4) refused to

conduct cross-examination, (5) failed to object to hearsay, (6) failed to strike testimony and request

curative instructions; (7) gave a deficient closing argument, (8) failed to object to the prosecution's

improper cross examination and closing argument, and (9) expressed approval of the trial judge's

erroneous jury instruction. He also argued that his appellate counsel was ineffective for (1) failing

to provide Brown with transcripts in a timely manner, (2) failing to consult with Brown, and (3)

failing to raise the above issues on appeal. Attached to this motion was a 61-page Memorandum of

Law in Support, which thoroughly set forth the alleged facts and the law that substantiated his

claims.

The trial court denied his petition on July 27, 2004. On April 1, 2005, Brown filed an

application with the Michigan Court of Appeals for delayed leave to appeal that denial,[2] which was

---

[2]The motion was "delayed" because Brown missed the filing deadline for this appeal. An individual who wishes to appeal from a denial of a motion for relief from judgment must seek leave

denied on October 17, 2005, for failure to establish entitlement to relief under Michigan Court Rule

§ 6.508(D). (R.E. 1, Complaint, at 10.) Pursuant to Michigan Court Rule § 7.302(C)(2)(a), Brown

then had 56 days to seek leave to appeal the appellate court's decision to the Michigan Supreme

Court.

The state court of appeals mailed the order indicating its decision to Brown at the Saginaw

Correctional Facility, and it arrived on October 18. However, that same day Brown was transferred

to another facility and he never received the order. In February 2006, Brown inquired with the court

as to the status of his application, and learned that it had been denied in October—he had already

missed the deadline to apply for leave to appeal.[3]

Brown filed this § 1983 civil rights action in March 2007, naming three employees of

Saginaw Correctional Facility as defendants in both their individual and official capacities. He

alleged that his right of access to the courts and his right to receive correspondence were violated

when the mail room workers intentionally lost or destroyed his legal mail (the order from the

Michigan Court of Appeals). Two of the employees claim they attempted to forward the mail to

---

to appeal to the state court of appeals, and must do so within 21 days after entry of the judgment or order to be appealed from. M.C.R. 7.205(A)(1). If an individual fails to file within this time, he can attempt to file a "late appeal" under M.C.R. 7.205(F) (delineating certain filing requirements, including a "statement of facts explaining the delay," and noting the court "may consider the length of and the reasons for delay in deciding whether to grant the application").

[3]If an individual misses the 56-day deadline, "[l]ate applications will not be accepted." M.C.R. 7.302(C)(3). However, Brown did file a Michigan Department of Corrections grievance against the mail room staff. He also attempted to write a letter to the Chief Justice of the Michigan Court of Appeals asking the court to re-issue its order, as well as a formal motion in the court to request re-issuance of the order. None of these efforts produced any results.

Brown at the Newberry Correctional Facility, but the Newberry staff maintained that they never received it. In any event, Brown never received notice that his case had been decided.

The district court, agreeing with a magistrate judge's recommendation, dismissed Brown's case sua sponte for failure to state a claim for denial of access to the courts. The court relied on *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc) (per curiam), which held that "[a] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Id.* at 391. The magistrate judge noted that the underlying claim, and thus underlying injury, of Brown's claim did not arise from a direct appeal, habeas application, or civil rights claim, and therefore recommended that the complaint be sua sponte dismissed for failure to state a claim. Brown filed objections to this report, but the court concluded that Brown failed to state a claim for a violation of his right to receive correspondence, and dismissed Brown's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and 42 U.S.C. § 1997e(c)(1).

On appeal, Brown asserted that the district court erred in concluding that state prisoners do not have a constitutional right of access to the courts when filing a state collateral attack on their state court convictions. A Rule 34 panel of this court affirmed the district court's decision in part, and vacated and remanded in part. The panel found that the district court's interpretation of "habeas corpus applications" in *Thaddeus-X* to only include federal habeas petitions and true direct appeals was too narrow. It noted that *Thaddeus-X* made this statement after quoting from *Lewis v. Casey*, 518 U.S. 343, 349 (1996), which limited the types of frustrated legal claims that can satisfy the actual injury requirement: "The tools [the Constitution] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the

conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." 518 U.S. at 355 (emphasis in original).  The panel concluded that a prisoner has the right of access to the courts to mount collateral attacks against his convictions whether in state or federal court, *Brown v. Matauszak*, No. 08-1761, slip op. at 4 (6th Cir.  Jan. 21, 2009), and that Brown therefore did appear to have stated a claim for denial of access to the courts by alleging an injury regarding the missed deadline.  The court concluded, however, that "[t]he question remains . . . as to whether Brown suffered actual prejudice from this circumstance." *Id.*

On remand, the case was again referred to a magistrate judge.  The defendants moved to dismiss the case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Brown failed to establish an actual injury and therefore had no standing.  They asserted that Brown did not set forth allegations sufficient to demonstrate loss of a non-frivolous claim.  Brown responded that he raised non-frivolous issues in his motion for relief from judgment. In his Response to the Motion to Dismiss, Brown listed (for the first time in this litigation) the causes of action that he sought to pursue in state court. Yet he still simply listed the claims that he raised in his motion for relief from judgment—he did not provide or explain the factual bases for any of these claims.

The magistrate judge recommended dismissal for both failure to establish standing, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  He noted that "a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead 'enough facts to state a claim to relief that is plausible on its

face,'" (R.E. 43, Rep. & Rec. at 2, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and that a plaintiff's obligation is to provide the grounds for relief, not just "labels and conclusions." (*Id*. at 3.) The Report and Recommendation went on to reason that a right-of-access claim can proceed only if the prisoner demonstrates "actual injury" by showing that he had a non-frivolous claim; without such a showing of injury, a plaintiff lacks standing and fails to state a cognizable claim. After establishing these standards, the magistrate judge noted that the complaint here "addresses the fact that the [state court] deadline was not met, but does not allege what issues Plaintiff sought to raise in the motion," and therefore recommended the complaint be dismissed because "he asserts nothing more than conclusory allegations of harm." The magistrate judge then noted that "[p]laintiff fares no better, I suggest, under a review of his response to the motion," because "his references to the issues raised in his motion for relief from judgment in the state courts are at best cursory. . . . Plaintiff fails to provide either factual context or factual support for his bare conclusions."

The district court adopted the report and dismissed the case. It stated that "[p]laintiff's complaint contains only conclusory claims of actual injury resulting from Defendants' alleged interference with his legal mail. . . . Plaintiff fails, however, to set forth facts to establish the validity of the claims he sought to present in that appeal." It therefore stated that he "failed to allege an actual injury to sustain a cause of action." In doing so, the district court did not state under which rule it dismissed the complaint, but since it stated that he "failed to allege an actual injury" and that he could not "sustain a cause of action," it may be construed as a dismissal under either Rule 12(b)(1) or Rule 12(b)(6). It is from this dismissal that Brown now appeals.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's dismissal of a suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), *Lovely v. United States*, 570 F.3d 778, 781 (6th Cir. 2009), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). A court's decision to dismiss a case with prejudice is reviewed for an abuse of discretion. *Ernst v. Rising*, 427 F.3 351, 366 (6th Cir. 2005) (en banc).

## III. ANALYSIS

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law (2) that was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996). However, when the federal or constitutional right involved is the right of access to the courts, certain additional elements are necessary.

"[T]he right [of access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To bring a § 1983 claim for violation of a prisoner's right of access to the courts, the prisoner must "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by showing that his underlying claim was non-frivolous. *See id.* at 353 (reasoning that the "actual injury" requirement means that inmates must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or was being impeded."). "It follows that the

underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint. . . ." *Harbury,* 536 U.S. at 415.

A plaintiff need not demonstrate that the underlying claim would have been successful; instead, deprivation of an "arguable (though not yet established) claim" is sufficient. *Lewis*, 518 U.S. at 353 n.3. However, though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In a denial-of-access case, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant," just "[l]ike any other element of an access claim." *Harbury*, 536 U.S. at 416 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002)).

The Supreme Court has already addressed the specificity with which these underlying claims must be pleaded:

> Although we have no reason here to try to describe pleading standards for the entire spectrum of access claims, this is the place to address a particular risk inherent in backward-looking claims. Characteristically, the action underlying this sort of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely on the details of the predicate action.
>
> Hence the need for care in requiring that the predicate claim be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope. And because these backward-looking cases are brought to get relief unobtainable in other suits, the remedy sought must itself be identified to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim.

*Id.* (footnotes omitted). Ultimately, the Court concluded that "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Id.* at 417. Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.

Although Rule 8 does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557). While at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), it is still necessary to include some "well-pleaded factual allegations" to support the claim. *Iqbal*, 129 S. Ct. at 1950.

Ultimately, Brown's complaint—as pled—is insufficient. While he clearly included information sufficient to allege that prison officials failed to handle and deliver his mail as required, and that this failure prevented him from receiving court documents, he did not also include the facts underlying his motion for relief from judgment. To substantiate his claim for denial of access to the courts, Brown needed to plead the underlying claim and facts to support it, so that the court could ensure that what was lost was a "non-frivolous" claim.[4] Instead, his claim of actual prejudice is

---

[4]"By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit.

entirely conclusory because he failed to allege the exact nature of the claims he sought to present to the Michigan courts. In fact, in his actual complaint, Brown did not delineate what the underlying claims were at all. Therefore, his complaint failed to show that his underlying claims were non-frivolous, and he has not alleged an "actual injury" to demonstrate standing.

When a plaintiff proceeds pro se, the court will "hold [the complaint] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will consider documents filed after the complaint "as part of the pleadings." *Flournoy v. Seiter*, No. 98-3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987) (unpublished). However, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation omitted). Here, even if Brown's response to the motion to dismiss is taken into account, he failed to establish standing. The filed response did include some information that was lacking—the list of legal claims that he sought to present in state court. Yet these were primarily "[t]hreadbare recitals" of the underlying claims. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). For the most part, Brown did not provide the facts upon which he based these claims, and therefore did not provide a way to assess whether they were non-frivolous. Therefore, the district court was correct to determine that he did

---

In cases prior . . . .[w]e did not mention nor make any findings with regard to the validity of the underlying claims that had allegedly been impeded," but now such a factual and legal inquiry must be made. *Hadix v. Johnson*, 173 F.3d 958, 964, *as amended by* 182 F.3d 400 (6th Cir. 1999).

not provide "facts to establish the validity of the claims," and therefore did not prove prejudice as necessary for a denial-of-access claim.[5]

However, this particular case is troubling, because this court has the benefit of reading Brown's Motion for Relief from Judgment, which does describe the underlying claim. The sixty-one-page memorandum of law accompanying that motion demonstrates that Brown had the facts necessary to state a non-frivolous basis for several of his claims. In fact, he lays out the facts for all of his claims, including citations to the trial transcript.[6] In other words, he presents sufficient facts to raise non-frivolous issues in his motion for relief from judgment.

Importantly, the claims need not be clearly meritorious—they need not be winners. Instead, what matters is whether Brown stated "non-frivolous" issues in his motion for relief from judgment, because if so, he had a right of access to the courts to present them. It is clear from this memorandum of law that Brown could allege sufficient facts to demonstrate that his underlying

---

[5]Brown did, however, include a few facts in his Response to the Motion to Dismiss. He indicated that his appellate counsel "failed to provide Plaintiff with the [trial] transcripts in a timely manner so that he could properly formulate his arguments and refer the Court of Appeals to the record," and that counsel "did not consult with Plaintiff." (R.E. 42, Resp. to Def.'s Mot. for Dismissal, at 3-5.)

[6]For example, he alleges ineffective assistance of counsel, and notes that though he took the stand in his own defense and claimed he shot the victim because he believed the victim was reaching for a gun, his counsel then did not even attempt to request a jury instruction on self-defense. He also alleges that his appellate counsel was deficient, because he repeatedly asked counsel for a copy of the transcripts so he could file a pro se brief, but that he never received that copy until three *years* after the counsel was appointed.

action concerned non-frivolous issues. The problem is that he simply did not include this factual information in his § 1983 complaint.[7]

In these unique circumstances, the district court had discretion to grant Brown leave to amend his complaint to include this other information, as that was all that would be needed to establish standing and a cause of action in this proceeding. "When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004). Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's consent or the court's leave, but "[t]he court should freely give leave when justice so requires." *Id.*

Instead, the district court here not only did not provide a chance to amend, but went on to dismiss the case with prejudice. However, generally, "[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010). "Particularly where deficiencies

---

[7]The court had discretionary authority to simply take judicial notice of Brown's filings in the record of the state court proceeding. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005); *Scarso v. Cuyahoga Cty. Dept. of Human Serv.*, 917 F.2d 1305 (6th Cir. 1990) (unpublished) (holding that district court properly took notice of facts of state custody court case); *see also Barrett v. Pearson*, 355 F. App'x 113, 116-17 (10th Cir. 2009) (holding that in a *Bivens* suit for denial of right of access to the courts, the district court was authorized to take judicial notice of a prior suit); *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that a court may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue). However, pursuant to Federal Rule of Evidence 201(c), such action is purely discretionary.

in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (citing *Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir.1974) (dismissal of pro se prisoner complaint with prejudice constituted reversible error when defects might have been cured by amendment)).

Given the chance to amend and include the information found in his motion for relief from judgment, Brown would have been able to demonstrate a non-frivolous underlying claim and therefore would have properly set forth a claim under 42 U.S.C. § 1983. Admittedly, Brown did not ask for leave to amend. But at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend. *Alston v. Parker*, 363 F.3d 229, 235 (3d. Cir. 2004); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (observing that, in civil rights cases, "leave to amend must be granted *sua sponte* before dismissing" the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal citations omitted); *Wolf v. Petrock*, 382 F. App'x 674, 677 (10th Cir. 2010) ("Under rule 12(b)(6), a plaintiff with an arguable claim" should have an "opportunity to amend," and therefore "dismissal of a pro se plaintiff's complaint for failure to state a claim 'is appropriate

only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' ") (alterations omitted).

Even more cases provide the right to amend, without request, in the context of *sua sponte* dismissals. *Williams v. Dep't of Corr.*, 208 F.3d 681, 682 (8th Cir. 2000) (explaining that "dismissal [is] appropriate . . . where [it is] 'patently obvious' that [the] plaintiff cannot prevail on alleged facts, and [an] opportunity to amend would be futile"); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) (holding that dismissal for failure to state a claim without leave to amend is error unless the claimant cannot possibly win).[8]

However, a district court's failure to grant leave to amend a complaint generally is governed by an abuse of discretion standard. *PR Diamonds,* 364 F.3d at 698. There is currently no rule of law in this circuit that requires a district court, *sua sponte*, to give a pro se plaintiff leave to amend his complaint absent a request, *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986), and so generally,

---

[8]Admittedly, these cases were prior to the Supreme Court's decision in *Twombly*, after which it is less clear whether courts should grant leave to amend when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But several post-*Twombly* cases in other circuits have held to this rule. *Jayne v. Pike Cty. Corr. Fac.*, 345 F. App'x 861, 863 (3d Cir. 2009); *Schneller v. Able Home Care, Inc.*, 2010 WL 2893619 (3d Cir. 2010) ("We have also held that a district court ought not dismiss a pro se complaint without allowing the plaintiff leave to amend."); *Couch v. Cate*, 379 F. App'x 560, 563 n.3 (9th Cir. 2010) ("[W]e also stated in *Lee v. City of Los Angeles*, [250 F.3d 668, (9th Cir. 2001)], that 'we will uphold a sua sponte dismissal without leave to amend only where the plaintiff cannot possibly win relief.' "); *McKinzy v. Murguia*, 370 F. App'x 960 (10th Cir. 2010) (noting the "general rule that sua sponte dismissal of a pro se complaint 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.' "); *Plummer v. Mayor*, 371 F. App'x 106, 107 (D.C. Cir. 2010).

a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991).

Likewise, a district judge's decision to dismiss a claim with or without prejudice is also subject to abuse-of-discretion review. *Ernst,* 427 F.3d at 366. "Although federal courts are inclined to grant leave to amend following a dismissal order, there are circumstances where amendment will not be allowed," and "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Sinay*, 948 F.2d at 1041-42 (internal citations omitted).

Nonetheless, this court has more than once remanded a case to allow a pro se plaintiff leave to amend where it was not requested in the district court. *Gordon v. England*, 354 F. App'x 975, 981-82 (6th Cir. 2009) (holding after a Rule 12(b)(1) and 12(b)(6) dismissal that it would "remand the case to the district court and allow Gordon an opportunity to amend her initial complaint" because the plaintiff "was proceeding *pro se* and was likely to have been unaware of the requirements of Rule 15"); *Berndt,* 796 F.2d at 882-83. These cases provide the chance to amend a deficient complaint because "[t]he rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984).

We do not hold that remand for leave to amend is appropriate or necessary in all, or even most, cases. *Berndt* expressed "no opinion on whether a remand will be appropriate in every conceivable instance where a *pro se* complainant fails to request . . . leave to amend, but we feel that a case, such as this, where the claims are of such a serious nature demands that the complaint be

closely scrutinized by the district court before it is dismissed in the pleading stage of litigation." *Id.* at 883. *Berndt*'s rationale is very fitting in the case at hand. The actual cause of action at issue is a civil rights claim under § 1983; Brown's complaint included clearly sufficient information to allege a cause of action for interference with his ability to receive mail, and indicated how that interference caused him to miss a mandatory court filing deadline. A jury might even believe this was done intentionally. Yet because of the unique nature of this cause of action, an additional requirement existed to plead a case within a case: to include all of the legal and factual bases for his underlying cause of action. Here, it appears that Brown did have non-frivolous, perhaps even meritorious, underlying claims, and that the actions of prison personnel allegedly interfered with the right to pursue them. If simply allowed an opportunity to add the factual bases for his underlying claims to his complaint, it would be fully sufficient to proceed to the merits.

## IV. CONCLUSION

We recognize that whether to allow leave to amend is a decision within the discretion of the district court. However, because of the seriousness of the alleged offense in this case, and because it is very clear from the state court documents that information does exist that would cure the defect in Brown's complaint, this case is uniquely appropriate for remand. Such a remedy is required by several circuits and has been provided in rare circumstances by this Court. Therefore, we **REMAND** to provide Brown leave to amend his complaint.