NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0622n.06

Case No. 17-6437

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Dec 17, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEANA BURKEEN, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| A.R.E. ACCESSORIES, LLC, et al., | ) | KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: CLAY and GRIFFIN, Circuit Judges; ZOUHARY, District Judge.[*]

CLAY, Circuit Judge. Plaintiffs Deana and Timothy Burkeen (separately, "Ms. Burkeen" and "Mr. Burkeen;" together, "Plaintiffs") appeal from two decisions entered by the district court, granting Defendant General Motors LLC's ("GM") motion to dismiss on July 26, 2017, and denying Plaintiffs' motion to alter judgment and motion for leave to file a second amended complaint on November 3, 2017. For the reasons set forth below, we **VACATE** the judgment dismissing the complaint with prejudice and **REMAND** for the district court to reconsider whether the dismissal should have been without prejudice and whether Plaintiffs should be permitted to amend the complaint.

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

## BACKGROUND

### Factual History

In September of 2007, Mr. Burkeen purchased a 2007 GMC Sierra C1500 pickup truck. He also purchased a new A.R.E. Accessories LSII Series tonneau cover, which was installed over the bed of the pickup truck. On January 15, 2015, Ms. Burkeen lost control of the pickup truck while driving it on a snow-covered bridge. In the ensuing collision with an oncoming vehicle, the tonneau cover detached and entered the truck, and Ms. Burkeen's head hit "a protruding, uncovered D-ring in the cab of the pickup truck." (R. 18, Amended Complaint, PageID # 75.) Ms. Burkeen suffered serious injuries.

### Procedural History

On January 7, 2016, Plaintiffs filed suit against A.R.E. Accessories, Ltd. ("A.R.E."), in Kentucky court. A.R.E. removed the case to federal court on the basis of diversity of citizenship, under 28 U.S.C. § 1441. On October 19, 2016, Plaintiffs filed an amended complaint adding GM as a defendant. Plaintiffs sought damages from GM for negligence, strict liability, and loss of consortium. To support those claims, Plaintiffs alleged that during the collision, Ms. Burkeen's body "rotate[d] in such as a [sic] manner that her head contacted a protruding D-ring from the cab of the pick up [sic] truck," seriously injuring her. (R. 18, Amended Complaint, PageID # 75.) On November 15, 2016, GM filed a motion to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

On July 26, 2017, eight months after GM's motion to dismiss, the district court granted dismissal of the complaint against GM with prejudice because Plaintiffs' amended complaint did not contain sufficient facts to state a claim for relief. On August 18, 2017, Plaintiffs filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e) and a motion for leave to file a second amended

complaint pursuant to Fed. R. Civ. P. 15(a). The district court denied the motions on November 3, 2017, finding that Plaintiffs had not met their burden of demonstrating under Fed. R. Civ. P. 59(e) that amendment of the court's July 26 order dismissing Plaintiffs' claims with prejudice was necessary to prevent manifest injustice, and that it thus could not grant Plaintiffs' motion for leave to file a second amended complaint. In its November 3 order, the district court certified the July 26 order as final and appealable under Fed. R. Civ. P. 54(b).

On December 1, 2017, Plaintiffs filed a notice of appeal, challenging the July 26 order granting GM's motion to dismiss, the November 3 order denying both Plaintiffs' motion to alter judgment and Plaintiffs' motion for leave to file a second amended complaint. Plaintiffs argue: (1) that the district court erred in dismissing Plaintiffs' claims against GM because "the complaint plausibly alleged that GM's design choices . . . were negligent and rendered the pickup truck defective, substantially causing Deana's significant head and other injuries," and (2) that the district court abused its discretion in denying Plaintiffs' motion to amend on the grounds that Plaintiffs had failed to demonstrate manifest injustice as required by the Sixth Circuit under Fed. R. Civ. P. 59(e). (Plaintiffs' Br. at 11–12.)

## DISCUSSION

### I.    Motion to Dismiss

#### Standard of Review

This Court reviews a district court's grant of a motion to dismiss *de novo*. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, 864 F.3d 455, 458 (6th Cir. 2017).

#### Analysis

A motion to dismiss is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The reviewing court must accept the factual

allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A.      State Law Claims

In assessing whether Plaintiffs have pleaded sufficient facts to survive a motion to dismiss, the court must look to Kentucky law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Plaintiffs' first amended complaint describes the presence of a feature in the pickup truck that Ms. Burkeen's head struck, but it does not explain in any way why that feature was dangerous or defective. The complaint therefore did not allege facts "sufficient to raise a right for relief above the speculative level" for each state law claim. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quotations and citation omitted). We address each cause of action pleaded by Plaintiffs against GM in turn.

#### 1. Negligence

Under Kentucky law, Plaintiffs must establish three elements to proceed with a negligence claim: (1) GM owed a duty of care to Plaintiffs; (2) GM breached that duty; and (3) the breach proximately caused Plaintiffs' injuries. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). In their first amended complaint, Plaintiffs state only that Mr. Burkeen purchased a pickup truck manufactured by GM and that during the accident, Ms. Burkeen was seriously injured when

"her head contacted a protruding D-ring from the cab of the pick up [sic] truck." (R. 18, Amended Complaint, PageID # 75.) Plaintiffs' complaint contains no facts explaining how GM negligently designed, assembled, manufactured, marketed, or sold the truck. As the district court recognized, "[i]t is not enough for Plaintiffs to simply rely on their basic injury allegations and argue that the product was somehow defective because it was dangerous"—Plaintiffs needed to provide facts supporting those claims. *Burkeen v. A.R.E. Accessories, LLC*, No. 5:16-CV-00017-GNS-LLK, 2017 U.S. Dist. LEXIS 116617, at *10 (W.D. Ky. July 25, 2017) (internal quotations and citation omitted).

### 2. *Strict Products Liability*

Kentucky law requires plaintiffs claiming strict products liability to establish "(1) that there is a 'product,' which is (2) in a defective condition unreasonably dangerous to the user or consumer or his property, and (3) which reaches the user or consumer without substantial change in the condition in which it is sold; (4) that the product is sold by one who is engaged in the business of selling such a product which (5) results in physical harm to the ultimate user or consumer or his property." *Radcliff Homes, Inc. v. Jackson*, 766 S.W.2d 63, 68 (Ky. Ct. App. 1989) (citing *Restatement of Torts, Second* § 402A (1965)).

Plaintiffs' strict liability claim again contains legal conclusions mirroring the elements of the cause of action but provides insufficient facts to support those conclusions. Plaintiffs fail to allege facts demonstrating how the truck's design was defective and unreasonably dangerous, as required by element (2) of a strict products liability claim under Kentucky law. *Id.* at 68. The allegation that Ms. Burkeen's "head contacted a protruding D-ring from the cab of the pickup truck" does not provide sufficient factual support to create a plausible inference that GM is liable

under a strict products liability theory. Therefore, the district court did not err in granting GM's motion to dismiss.

### B.    Dismissal with Prejudice

This Court reviews a district court's decision to dismiss with prejudice for abuse of discretion. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990).

This Court has stated that "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008). However, dismissal with prejudice in this case goes against the well-established preference for allowing claims to be decided on their merits where possible. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court has recognized that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not have been saved by an amendment." *Newberry v. Silverman*, 789 F.3d 636, 645–46 (6th Cir. 2015) (quotations and citation omitted); *see also Brown v. Matauszak*, 415 F. App'x 608, 614–16 (6th Cir. 2011) ("When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend.") (quoting *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004)).

The district court in this case did not provide any explanation for dismissing the complaint with prejudice, as opposed to without prejudice. Instead, the district court foreclosed any future possibility of amendment without indicating any reason to believe that amendment would have been futile and without providing any other justifications for granting dismissal with prejudice. When the district court granted the motion to dismiss, it did not cite any "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

the opposing party . . . [or] futility of amendment." *Foman*, 371 U.S. at 182.[1] Because there was no indication that amendment would have been futile and no other apparent justification was provided for the dismissal with prejudice, the district court arguably "should . . . have dismissed the claim[s] . . . without prejudice and with leave to amend." *Newberry*, 789 F.3d at 646.

Because we are remanding for the district court to reconsider its ruling that the dismissal should have been with prejudice and without leave to amend, we need not further address the question of whether the district court erred in its treatment of Plaintiffs' Rule 59(e) and 15(a) motions.

**CONCLUSION**

Because Plaintiffs' first amended complaint does not contain sufficient facts to state a plausible claim for relief against GM, the district court was justified in entering an order of dismissal. However, because it is unclear whether the dismissal should have been with prejudice, we **VACATE** the judgment and **REMAND** for the district court to reconsider whether the dismissal should have been without prejudice and whether Plaintiffs should be permitted to amend the complaint.

---

[1] Defendant GM argues that the district court's dismissal with prejudice was not in error because plaintiffs had eight months between the filing of GM's motion to dismiss and the district court's dismissal during which they could have moved to file a second amended complaint. To be sure, moving for leave to file a second amended complaint after the filing of GM's motion to dismiss would have been the appropriate course of action for Plaintiffs to have taken. However, the eight-month hiatus was as much a consequence of the district court's unexplained delay in ruling on the motion to dismiss as Plaintiffs' shortcomings.

Case No. 17-6437, *Deana Burkeen, et al. v. A.R.E. Accessories, LLC, et al.*

ZOUHARY, District Judge, concurring.    I concur in the result, but write separately to highlight how this appeal could have been avoided.    The time line of this case is as follows:

| 2016 | |
| --- | --- |
| January | Plaintiffs file Complaint for negligence and strict liability |
| February | Removal to federal court |
| March | Scheduling Order with December deadline for filing amended pleadings |
| September | Plaintiffs move to amend Complaint and add GM as Defendant; Court grants leave to amend, and Plaintiffs file First Amended Complaint |
| November | GM files Rule 12(b)(6) Motion to Dismiss the First Amended Complaint |
| December | GM, in its Reply brief for the Motion to Dismiss, indicates it would have "no objection" to the court granting Plaintiffs leave to amend the Complaint a second time |
| **2017** | |
| January | Court suspends all Scheduling Order deadlines until the Motion to Dismiss is decided |
| July | Court dismisses GM with prejudice, finding insufficient facts pled |
| August | Plaintiffs file Motion for Leave to File Second Amended Complaint |
| November | Court denies Motion for Leave; this appeal follows |

The above time line reflects a missed opportunity to meet the goal of Federal Civil Rule 1 -- "the just, speedy, and inexpensive determination of every action and proceeding."   The 2015 advisory committee note to that Rule encourages courts and counsel to cooperatively "share the responsibility" of active case management, and discourages the "abuse of procedural tools."   In this case, shortly after the Motion to Dismiss was filed, GM voiced no objection to an amendment. Yet, this sensible solution apparently was never discussed in the many months during which the

Motion sat pending.  A simple phone call, initiated by either court or counsel, would likely have resulted in the filing of a Second Amended Complaint.  Such a cooperative effort would have avoided this appeal and thereby saved the parties, and the court, considerable time and expense.

Every case, including this one with a serious personal injury, deserves not only to be heard, but to be heard in a timely manner.  All parties to this appeal have suffered prejudice with an avoidable delay that fails the aspirational goal of Federal Civil Rule 1.  To avoid two years of delay, sometimes all that is needed is some common sense and a conversation.