RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0184p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICHARD WERSHE, JR.,

*Plaintiff-Appellant,*

v.

THOMAS COMBS, Chairperson, Michigan Parole Board; BARBARA S. SAMPSON, Member, Michigan Parole Board, in their official and individual capacities,

*Defendants-Appellees.*

No. 13-1209

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids
No. 1:12-cv-01375—Gordon J. Quist, District Judge.

Decided and Filed: August 13, 2014

Before: MOORE and ROGERS, Circuit Judges, and NIXON, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Ralph Musilli, MUSILLI BRENNAN ASSOCIATES, PLLC, St. Clair Shores, Michigan, for Appellant.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Appellant Richard Wershe, Jr. ("Wershe") was originally sentenced to a life sentence without the possibility of parole for drug crimes

---

[*]The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

committed when he was seventeen years old.  Because the Michigan Supreme Court declared the life-without-parole penalty for simple possession unconstitutional, Wershe is now subject to a paroleable life sentence.  Wershe's initial opportunity for parole was denied after a public hearing in 2003.  In 2012, the Parole Board conducted a file review, determined that it had no interest in taking action on his case, and scheduled Wershe's next interview for December 9, 2017.  Wershe brought a § 1983 suit against Michigan Parole Board members Thomas Combs and Barbara Sampson, alleging that the parole consideration process did not afford him a meaningful opportunity for release in violation of his right to due process of law pursuant to the Fifth and Fourteenth Amendments and his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment.  Before the defendants were served, the district court sua sponte dismissed Wershe's complaint for failure to state a claim pursuant to the Prison Litigation Reform Act.  We **AFFIRM** the district court's denial of Wershe's due-process claim.  However, because the district court failed to consider the impact of Wershe's youth at the time of the crime and his arrest, we **VACATE** the denial of the Eighth Amendment claim and **REMAND** for further consideration of the impact of *Graham v. Florida*, 560 U.S. 48 (2010), on Wershe's claim that the parole proceedings provided by the Michigan Parole Board did not provide him with a meaningful opportunity for parole.

## I.  BACKGROUND

Wershe was 17 years and 10 months old when he was arrested and charged with various drug crimes in Detroit, Michigan.  R. 1 (Compl. at ¶ 9) (Page ID #3).  He was convicted of possession with the intent to deliver more than 650 grams of cocaine, and on February 4, 1988, he was sentenced to life in prison without the possibility of parole.  *Id.* at ¶ 10 (Page ID #4).  At the time of sentencing, Wershe was 18 years and 7 months old.  *Id.*  In 1992, the Michigan Supreme Court declared the life-without-parole penalty for simple possession under this statute unconstitutional under the Eighth Amendment.  *People v. Bullock*, 485 N.W.2d 866, 875–77 (Mich. 1992).  It is not clear from the record when Wershe was re-sentenced, but he alleges that he is now subject to a paroleable life sentence.  Wershe is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan.  R. 1 (Compl. at ¶ 6) (Page ID #3).  On March 27, 2003, Wershe had a public parole hearing with witnesses testifying in favor and in opposition to

Wershe receiving parole, including many local and federal law-enforcement officers testifying to "Wershe's involvement in the distribution of controlled substances in the late 1980's and the impact this crime had on the community and general public." R. 1-1 Ex. D (2003 Letter at 3) (Page ID #21). On April 25, 2003, the Parole Board voted to "withdraw interest" in Wershe's case because "the Michigan Parole Board has concluded that the reasonable assurance required by Mich. Comp. Laws § 791.233,[1] that the prisoner will not become a menace to society or to the public safety, is lacking." *Id.* at Page ID #19, 21.

In May 2012, Wershe received a "Notice of Intent to Conduct a Parole Board Review for Prisoners Serving a Life Sentence." R. 1-2, Ex. E (May 2012 Notice of Intent at 1) (Page ID #22). The letter indicated that because Wershe already had his "initial lifer interview, the Parole Board will conduct a file review." *Id.* But then on July 2, 2012, Wershe received a document entitled "Notice of Intent to Conduct a Parole Board Interview," indicating that the Parole Board scheduled an interview with Wershe for August 20, 2012. R. 1-2, Ex. F (July 2012 Notice of Intent at 1) (Page ID #23). However, August 20 came and passed, and Wershe did not receive an interview. Soon thereafter, Wershe received a letter stating that "[t]he majority of the Parole Board has no interest in taking action at this time" and informing him that his next interview was scheduled for December 9, 2017. R. 1-2, Ex. G (Notice of Decision at 1) (Page ID #24).

Through counsel, Wershe sent a letter to the Parole Board asking why he was sent an interview notice but did not receive an interview, and requesting the "reason for the denial by the Board of his Parole." R. 1-2, Ex. H (Letter to Parole Bd. at 1) (Page ID #25). The Board responded with a letter explaining that under changes to the life-sentence statutes effective in 2000, "[p]risoners serving life sentences are interviewed after serving 10 calendar years of their life sentence[s]. The Parole Board is only required to <u>review</u> each prisoner's file every 5 years thereafter. Subsequent interviews will only be conducted as determined by the Board." R. 1-2, Ex I (Bd. Letter to Wershe at 1) (Page ID #26). The letter stated that Wershe received the interview notice in error, the Board had no interest in conducting an interview, and "[a] majority

---

[1]The Michigan parole statute provides that "[a] prisoner shall not be given liberty on parole until the board has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety." Mich. Comp. Laws § 791.233(1)(a).

of the Parole Board had no interest in proceeding to a lifer law public hearing as set forth in [Mich. Comp. Laws §] 791.234." *Id.* The letter concluded that the decision not to interview a prisoner with a life sentence or proceed with a public hearing "is not a denial of parole," so the requirement for an explanation when parole is denied under Mich. Comp. Laws § 791.235 is inapplicable. *Id.* Finally, the letter stated that "Wershe will be eligible for a lifer 5-year file review on or about his Official Date of December 9, 2017." *Id.* at 2 (Page ID #27). Wershe filed a request under the Michigan Freedom of Information Act for all documents related to the 2012 Parole Board decision. R. 1 (Compl. at ¶ 21) (Page ID #7). He received a Case Summary Report signed by Barbara Sampson commenting on his involvement in work assignments and completion of GED, but also noting a 2006 conviction for racketeering and conspiracy to commit racketeering for offenses committed while incarcerated. After each statement the report included the parenthetical "(Not used as reason)," and the report never identified the specific reason or reasons that the Parole Board lacked interest in Wershe's case. R. 1-2, Ex. J (Case Summary Report at 9–14) (Page ID #30–35).

Wershe then brought the instant 42 U.S.C. § 1983 lawsuit against Michigan Parole Board members Thomas Combs and Barbara Sampson, alleging that the review of his parole eligibility violated his right to due process of law pursuant to the Fifth and Fourteenth Amendments and his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. R. 1 (Compl. at ¶ 1) (Page ID #2). On its own motion, the district court dismissed the action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)[2] and 42 U.S.C. § 1997e(c)[3]. *Wershe v. Combs*, No. 1:12-cv-1375, 2013 WL 235476 (W.D. Mich. Jan. 22, 2013). Wershe now appeals the dismissal of his case.

---

[2]"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

[3]"The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

## II. ANALYSIS

This court has jurisdiction pursuant to 28 U.S.C. § 1291 of the appeal from the district court's dismissal of Wershe's § 1983 claim.

Generally "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Where the relief sought is "a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner must pursue relief through a writ of habeas corpus, not through § 1983. *Preiser*, 411 U.S. at 500. Here, though, Wershe does not seek direct release from prison or a shorter sentence; he seeks a change in the procedures used to determine whether he is eligible for parole. Because "success in [his] § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole," the habeas exception does not bar Wershe's § 1983 claim. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007).

"The Prison Litigation Reform Act, Pub. L. No. 103–134, 110 Stat. 1321 (1996), requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Id.* at 253. "We review a district court's decision to dismiss under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e *de novo*." *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008). "In determining whether a prisoner has failed to state a claim, we construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

## A. Eighth Amendment

In the Eighth Amendment section of his complaint, Wershe alleged "[t]hat the Parole Board's most recent actions regarding Plaintiff, and its earlier decisions refusing to give

Plaintiff's case anything more than perfunctory consideration, do not provide him, a juvenile offender, with a realistic opportunity to obtain his release from prison, and also fail to constitute a meaningful review and determination of Plaintiff's parole eligibility." R. 1 (Compl. at ¶ 31) (Page ID #9). The "realistic opportunity" language comes from *Graham v. Florida*, where the Supreme Court held that the Eighth Amendment requires that juvenile offenders convicted of non-homicide offenses sentenced to life in prison for non-homicide crimes have a meaningful chance to obtain parole:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What a State must do, however, is give defendants like Graham *some meaningful opportunity to obtain release* based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance.

*Graham*, 560 U.S. at 75 (emphasis added); *see id.* at 82 ("A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some *realistic opportunity to obtain release* before the end of that term."). The Court reached this conclusion because "[l]ife without parole is an especially harsh punishment" for juvenile offenders, compared to adults, because "a juvenile offender will on average serve more years and a greater percentage of his life in prison than an adult offender" and "[w]ith respect to life without parole for juvenile nonhomicide offenders, none of the goals of penal sanctions that have been recognized as legitimate—retribution, deterrence, incapacitation, and rehabilitation— provides an adequate justification." *Graham*, 560 U.S. at 70, 71 (internal citation omitted).

The Supreme Court left it to the "State, in the first instance, to explore the means and mechanisms for compliance" with *Graham*. *Id.* at 75. Whether *Graham* applies to an individual in Wershe's position, and what constitutes a constitutionally meaningful and realistic opportunity for parole, are questions of first impression in this circuit.

The district court rejected Wershe's Eighth Amendment claim with no mention of *Graham v. Florida*, analysis of whether *Graham* applies to Wershe, or consideration of whether Michigan parole proceedings provide a constitutionally meaningful opportunity for release. The district court's main support for its conclusion that "the proportionality of [Wershe's] sentence" did not present an Eighth Amendment problem was an unpublished, pre-*Graham*, Eighth

Amendment challenge to the denial of parole, not to parole procedures. *Wershe*, 2013 WL 235476, at *4 (citing *Preston v. Hughes*, No. 97-6507, 1999 WL 107970, at *2 (6th Cir. Feb. 10, 1999)). Given the novelty of Wershe's claim and the fact that the parties have not had an opportunity to present briefing, we think it best to permit the parties to further develop their arguments for consideration by the district court in the first instance. Indeed, the defendants have not yet been served. We therefore vacate the portion of the district court's opinion dismissing Wershe's Eighth Amendment claim for failure to state a claim and remand this claim to the district court.

**B. Due Process**

Unlike the Eighth Amendment claim, Wershe's due-process claim is not premised on his youth at the time of arrest or on *Graham v. Florida*. He simply alleges that the Parole Board violated due process by sending him an interview notice, but not interviewing him, and refusing to explain the decision not to interview him.

To state a due-process claim, Wershe must allege that a protected property or liberty interest was violated. He does not identify an affected property interest. We previously held that that Michigan's parole system creates "no 'legitimate claim of entitlement to' parole, and thus no liberty interest in parole." *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011) (citation omitted). Absent a protected interest, a prisoner may seek to enforce statutes or regulations that govern the parole process as a matter of state law, but "procedural statutes and regulations governing parole do not [alone] create federal procedural due process rights." *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Because Wershe did not allege a particular liberty interest based on his youth at the time of arrest, we need not determine whether *Graham v. Florida* created a new liberty interest. Instead, Wershe's complaint is governed by our holding in *Crump* that Michigan law does not create a liberty interest in parole. Accordingly, we affirm the district court's dismissal of Wershe's due-process claim.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the dismissal of Wershe's due-process claim, **VACATE** the dismissal of the Eighth Amendment claim, and **REMAND** for further proceedings consistent with this opinion.