NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0475n.06

No. 24-1780

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DARRIN BASS,

    Plaintiff-Appellant,

v.

OFFICER KEEBAUGH; DALE BONN, Warden,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: MOORE, GRIFFIN, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Darrin Bass, a Michigan state prisoner, filed suit under 42 U.S.C. § 1983 alleging that the defendants, a correctional officer and a deputy warden, violated his constitutional rights under the First and Eighth Amendments when they removed the mattress from his solitary-confinement cell for a period of thirty days during which Bass was forced to sleep on a concrete slab with metal screws. On preliminary review under the Prison Litigation Reform Act ("PLRA"), the district court concluded that Bass's complaint failed to state a claim and dismissed the complaint with prejudice. On appeal, Bass challenges both the dismissal of his Eighth Amendment claim and the district court's decision to dismiss the entire action with prejudice and without leave to amend. We agree with the district court that Bass's complaint fails to state an Eighth Amendment claim. But because we conclude that the district court erred in dismissing both of Bass's claims with prejudice without leave to amend, we

**VACATE** the dismissal of Bass's complaint and **REMAND** with instructions to allow leave to amend.

## I. FACTUAL BACKGROUND

### A. Bass's Complaint

Darrin Bass is a Michigan prisoner who, at the relevant time, was incarcerated at the Ionia Correctional Facility. R. 1 (Complaint at 2) (Page ID #2). In February 2024, Bass was subject to a period of administrative segregation, otherwise known as solitary confinement. *Id.* During that period, Bass was forced to spend up to twenty-three hours a day in his solitary-confinement cell. *See* Mich. Dep't of Corr. Pol'y Dir. 04.05.120, at 6 ¶ AA.21 (2019).

On February 6, 2024, Correctional Officer Keebaugh[1] issued Bass a disciplinary ticket alleging that Bass had violated prison policy by destroying or misusing state property, specifically the mattress in his cell. R. 1 (Complaint at 3) (Page ID #3). As punishment for the alleged misconduct, Officer Keebaugh recommended that Bass have his mattress removed from his cell for thirty days. *Id.*

Three days later, on the morning of February 9, 2024, Bass's mattress was removed from his cell. *Id.* In the absence of the mattress, Bass was "forced to sleep on a concrete slab with metal screws." *Id.* Bass alleges that he suffered both physical and psychological injury as a result of the mattress's removal. *Id.* at 5 (Page ID #5).

Bass challenged the disciplinary charge via the prison's internal grievance procedure, refusing to waive a hearing on the charge and instead entering a plea of not guilty. R. 1-1 (Hearing

---

[1]Because the district court dismissed this case prior to service upon the defendants, Officer Keebaugh's first name is unknown at this stage of the litigation.

Report at 2) (Page ID #10).  At a hearing held on February 15, 2024—six days after Bass's mattress was removed—a hearing officer dismissed the charge in its entirety, determining that because Bass was deaf or hard of hearing and the record contained no evidence that Officer Keebaugh had effectively communicated with Bass, the charge was unsupported.  *Id.*

Despite dismissal of the disciplinary charge, Bass continued to be deprived of a mattress. R. 1 (Complaint at 3) (Page ID #3).  Pursuant to prison policy requiring that any mattress restriction be re-approved every seven days by the warden or deputy warden, Mich. Dep't of Corr. Pol'y Dir. 04.05.120, at 7–8 ¶¶ HH, JJ (2019), Deputy Warden Dale Bonn repeatedly re-approved the restriction.  R. 1 (Complaint at 3) (Page ID #3).  When Bass complained on February 19, 2024, his complaint was dismissed as untimely.  R. 1-1 (Step I Grievance Form at 1) (Page ID #11), (Step I Grievance Decision at 1) (Page ID #12).  And when Bass filed his Step II grievance on March 12, 2024, the initial rejection was upheld.  *Id.* (Step II, III Grievance Appeal Form at 1) (Page ID #14), (Step II Grievance Decision at 1) (Page ID #13).  Bass filed his Step III grievance on March 21, 2024; the rejection was once again upheld.  *Id.* (Step II, III Grievance Appeal Form at 1) (Page ID #14), (Step III Grievance Decision at 1) (Page ID #15).  Ultimately, Bass was forced to sleep in his cell on the concrete slab with metal screws for the entire thirty-day period.  R. 1 (Complaint at 3) (Page ID #3).

## B.  The Proceedings Below

After exhausting his administrative remedies within the prison, Bass filed a handwritten complaint in federal court alleging that Officer Keebaugh and Deputy Warden Bonn had violated his constitutional rights.  R. 1 (Complaint at 1–3) (Page ID #1–3).  According to Bass, "being forced to sleep on a concrete slab with metal screws for a 30 day period" amounted to "cruel and

unusual punishment" and "inhumane treatment" in violation of the Eighth Amendment, while Deputy Warden Bonn's continued re-approval of the mattress restriction over the thirty-day period was "retaliation" for filing his grievance in violation of the First Amendment. *Id.* at 3 (Page ID #3). Bass sought both compensatory and punitive damages as a result of the "significant hardship, mental, physical, and psychological injury" that the mattress deprivation had caused him. *Id.* at 5 (Page ID #5).

The district court[2] dismissed the complaint under the screening procedures of the PLRA, concluding that Bass had failed to state a claim as to either of the alleged constitutional violations. R. 5 (Dismissal Opinion) (Page ID #24–33). The district court entered a judgment dismissing the action with prejudice the same day. R. 6 (Judgment) (Page ID #34).[3] Bass timely appealed. R. 7 (Notice of Appeal) (Page ID #35–37).[4, 5]

## II. DISCUSSION

On appeal, Bass challenges the dismissal of his Eighth Amendment claim, arguing that his complaint adequately stated a prima facie claim of cruel and unusual conditions of confinement (he does not, however, challenge the district court's determination that he failed to adequately state

---

[2]Bass voluntarily consented to a magistrate judge conducting all proceedings in the case, such that a magistrate judge entered the opinion and final judgment dismissing Bass's complaint. R. 1 (Complaint at 5) (Page ID #5).

[3]The district court provided no explanation as to why it elected to dismiss Bass's complaint with prejudice. R. 6 (Judgment) (Page ID #34).

[4]The district court dismissed Bass's complaint prior to service of the complaint upon defendants Keebaugh and Bonn such that neither defendant has been notified of the suit against them. Neither defendant, therefore, has appeared before either the district court or this court on appeal.

[5]Although Bass appeared pro se in the proceedings before the district court, he is represented on appeal by counsel from the Roderick & Solange MacArthur Justice Center and the UCLA School of Law Prisoners' Rights Clinic.

a First Amendment retaliation claim). Additionally, he argues that the district court erred in dismissing his complaint with prejudice without first allowing him the opportunity to amend either claim. For the reasons set forth below, we find that the facts alleged in the complaint, as currently stated, are insufficient to support an Eighth Amendment claim. But we agree with Bass that the district court erred in dismissing his complaint with prejudice without first allowing him leave to amend.

## A. Standard of Review

We review de novo a district court's decision to dismiss a prisoner's suit under the PLRA. *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014). In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether Bass has failed to state a claim, we construe the complaint in the light most favorable to him and accept all his well-pleaded factual allegations as true. *Baltrusaitis v. Int'l Union, UAW*, 86 F.4th 1168, 1174 (6th Cir. 2023). Additionally, pro se complaints such as Bass's "are to be held 'to less stringent standards than [those prepared by attorneys],' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

By contrast, "[a] district court's decision to dismiss a claim with prejudice or without it receives abuse-of-discretion review." *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005) (en banc). "An abuse of discretion occurs when we are left with the definite and firm conviction that the

[district] court . . . committed a clear error of judgment in the conclusion it reached . . . or where it improperly applies the law or uses an erroneous legal standard." *United States v. Silvers*, 129 F.4th 332, 348–49 (6th Cir. 2025) (alterations in original) (quoting *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015)).

## B. Eighth Amendment Claim

Under the PLRA, a district court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Here, the district court dismissed Bass's Eighth Amendment claim on its own motion for failure to state a claim, which Bass contends was in error.

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); then quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The Eighth Amendment's prohibition on "cruel and unusual punishments," U.S. Const. amend. VIII, thus requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The failure of prison officials to protect prisoners from the risk of serious harm or to provide for their basic needs may

therefore rise to the level of a constitutional violation. *See Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011).

However, "not every harm or injury suffered in prison rises to the level of cruel and unusual punishment." *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021). Instead, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). As a result, a prisoner who challenges their conditions of confinement as unconstitutionally cruel or unusual must satisfy a two-step test in order to state a claim under the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson*, 501 U.S. at 298). "Second, the official [who caused the deprivation] must have acted with 'deliberate indifference' to inmate health or safety,' which is a subjective inquiry into the defendant's state of mind." *Rhodes*, 10 F.4th at 674 (quoting *Farmer*, 511 U.S. at 834). In other words, a prisoner alleging an unconstitutional deprivation must meet both an "objective" and a "subjective" prong to mount a valid Eighth Amendment claim. Here, because we conclude that Bass's claim fails under the objective prong, we need not decide whether the prison officials implicated here acted with deliberate indifference.

To state an Eighth Amendment failure-to-protect claim, a prisoner must first allege that the conditions of his incarceration posed a "sufficiently serious" risk to his health or safety. *Farmer*, 511 U.S. at 834. "This objective prong 'requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'" *Zakora v. Chrisman*, 44 F.4th 452, 469 (6th Cir. 2022) (quoting *Helling*, 509 U.S. at 36). "In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36.

Bass contends that he was exposed to a sufficiently serious risk to his health and safety via the deprivation of his mattress, which left him with nothing but "a concrete slab with metal screws" upon which to sleep. R. 1 (Complaint at 3) (Page ID #3). Under our caselaw, that allegation, without more, is insufficient to meet the objective prong of our Eighth Amendment inquiry. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."). Although Bass vaguely alleges that he suffered physical injury as a result of the mattress restriction, R. 1 (Complaint at 5) (Page ID #5), he does not allege that having to sleep on the concrete slab subjected him to a sufficiently serious risk of grievous harm. Because the Eighth Amendment protects prisoners against only conditions "so grave that [they] violate[] contemporary standards of decency," Bass's allegations, as currently styled, fail to rise to the level of serious injury required to support an Eighth Amendment claim. *Zakora*, 44 F.4th at 469.

This is not to say, however, that Bass's Eighth Amendment claim could not be saved by amendment. More fulsome allegations regarding the concrete slab and Bass's sleeping conditions could likely be alleged in an amended complaint. And if an amended complaint were to include allegations that Bass was indeed subjected to a sufficiently serious risk of grievous injury due to the "concrete slab with metal screws" upon which he was forced to sleep, such allegations would likely be sufficient to plausibly plead an Eighth Amendment claim. *See Brown v. Bargery*, 207 F.3d 863, 868 (6th Cir. 2000) (holding that a prisoner had pleaded facts adequately supporting an Eighth Amendment claim where the alleged sleeping conditions—a metal bunk installed incorrectly such that anchor bolts fastening the bunk to the wall protruded into his

sleeping area—"pose[d] an unreasonable risk of future injury by . . . subjecting inmates to the hazards of rolling into sharp protruding mounting bolt studs"). As currently written, however, Bass's complaint fails to state a viable Eighth Amendment claim.

## C. Opportunity to Amend

Bass raises an additional assignment of error on appeal: that the district court abused its discretion in dismissing his complaint with prejudice and, thus, without leave to amend. Here, we agree with Bass that the district court abused its discretion in dismissing with prejudice both Bass's First and Eighth Amendment claims without leave to amend them.

"Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). The disfavor with which we view dismissals with prejudice and without leave to amend should extend "[p]articularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). Indeed, several of our sister circuits strongly encourage district courts to grant leave to amend at least once to pro se plaintiffs proceeding *in forma pauperis* whose complaints are dismissed pursuant to PLRA screening for failure to state a claim. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013); *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000) (en banc); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000).

We have held that "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). And we have on several occasions remanded a case to allow a plaintiff, proceeding pro se, leave to amend where leave was not requested in the district court. *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4–5 (6th Cir. Apr. 1, 2024); *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019); *Matauszak*, 415 F. App'x at 616; *Gordon v. England*, 354 F. App'x 975, 981–82 (6th Cir. 2009); *Berndt v. Tennessee*, 796 F.2d 879, 882–83 (6th Cir. 1986). In these instances, we have provided plaintiffs with "the chance to amend a deficient complaint because '[t]he rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.'" *Matauszak*, 415 F. App'x at 616 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).

As discussed above, the district court correctly determined that Bass's complaint failed to state a claim under the Eighth Amendment because the complaint did not include allegations of a sufficiently serious risk of injury. With respect to Bass's First Amendment retaliation claim, we note that he did not appeal the district court's conclusion that he failed to adequately plead this claim. We note as well, however, that Bass's complaint likely adequately alleges that his grievances were protected conduct and that the continued mattress restriction was an adverse action, but it likely fails to allege a causal connection between his grievances and the continued deprivation of his mattress, merely stating that he "should've received [his] mattress back once the

misconduct [charge] was dismissed," R. 1 (Complaint at 3) (Page ID #3), and therefore fails to state a First Amendment retaliation claim.

The question remains, however, whether the district court abused its discretion in dismissing both of Bass's claims with prejudice. On this point, as outlined above, our caselaw is clear that dismissals with prejudice and without leave to amend should be reserved for the rarest of circumstances. *See, e.g.*, *Newberry*, 789 F.3d at 645–46. And in cases such as this in which, given the chance to amend, a prisoner may be able to plead a non-frivolous underlying claim, we have found remand for leave to amend to be an appropriate remedy. *Matauszak*, 415 F. App'x at 615–16. As already mentioned, Bass's allegations as to his cruel and unusual sleeping conditions could likely be amended such that his claim could rise to the level of an Eighth Amendment violation. And his First Amendment retaliation claim might likely be saved by more comprehensive factual allegations as well, particularly regarding the element of causation.

We conclude that the district court abused its discretion in dismissing Bass's First and Eighth Amendment claims with prejudice and without leave to amend. We therefore vacate the district court's dismissal of the complaint with prejudice and remand with instructions to allow Bass an opportunity to amend his complaint.

### III. CONCLUSION

For the foregoing reasons, although we conclude that Bass's complaint fails to state claims under both the First and Eighth Amendments, we **VACATE** the district court's with-prejudice dismissal of those claims and **REMAND** to provide Bass leave to amend his complaint and for further proceedings consistent with this opinion.